IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIO DINERO SESSOMS, | No. C 14-0233 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL; DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| J.I WILLIAMSON; J. CROSBY; S. TOMLINSON; RANDY GROUNDS. | |
| Defendants. | |

## INTRODUCTION

Plaintiff, a California prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. 1983. He is granted leave to proceed in forma pauperis in a separate order. The clerk notified plaintiff that his original complaint was defective because it was unsigned, and he was given 28 days to file an amended complaint. He did so, and, based on a review of his amended complaint (dkt. 6) pursuant to 28 U.S.C. 1915, it is dismissed for failure to state a cognizable claim for relief.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.   LEGAL CLAIMS**

Plaintiff claims that defendants, who are law librarians and the Warden at Salinas Valley State Prison, violated his constitutional right to access the courts. Plaintiff wanted to prepare and file documents in a civil rights case that is currently pending in this court, *Sessoms v. Thornton, et al.*, No. C 13-0714 WHA (PR), between May and September 2013. He alleges that defendants only allowed him limited time in the law library, delayed his requests to photocopy documents such as his discovery requests, and did not give him sufficient paper and pens to complete his drafts of documents in a timely fashion. This caused delays, including his having to request an extension of time.

To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-55 (1996). To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *Id.* at 354-55.

Defendants' actions have not caused plaintiff "actual injury" within the meaning of *Lewis*. In analyzing whether a purported denial of access to the courts caused "actual injury,"

2

the Ninth Circuit has "differentiated between two types of access to courts claims: those involving prisoners' right[s] to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (emphasis in original).  Plaintiff's claims do not involve active interference with his litigation, *cf., e.g., id.* at 1103-04 (claims involved active interference where plaintiff alleged that he was repeatedly transferred between different facilities in order to hinder his ability to litigate his pending civil lawsuits and prison officials seized and withheld all of his legal files), but rather his right to affirmative assistance from prison officials in the form of law library access, photocopies and pens and papers.  The right to such assistance is limited to the pleading stage because the state is not required to enable the prisoner to discover grievances or to litigate effectively once in court.  *Ibid*.; *Lewis*, 518 U.S. at 354.  To whatever extent defendants' actions delayed or hindered his discovery efforts, that is not an "actual injury" because it falls outside of the pleading stage.  It is clear, moreover, both from the amended complaint and the filings in plaintiff's case, that he was able to effectively file his amended complaint.  The amended complaint was found to state cognizable claims and was ordered served upon defendants..

Examples of impermissible hindrances that cause "actual injury" include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint.  *See id.*; *see, e.g., Hebbe v. Pliler*, 627 F.3d 338, 343 (9th Cir. 2010) (plaintiff demonstrated that denying him law library access while on lockdown resulted in "actual injury" because he was prevented from appealing his conviction); *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (agreeing with district court that prisoner "did not allege injury, such as inability to file a complaint or defend against a charge, stemming from the restrictions on his access to the law library").  None of these hindrances are alleged to have taken place here.  Plaintiff's case has not been dismissed, and it currently proceeds apace.

Even if, as he alleges, he was delayed in filing his amended complaint or other papers,

3

mere delay in filing papers is not an "actual injury" where they were nevertheless timely filed or accepted and considered by the court. *See Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982). Plaintiff's requests for extensions of time have been granted, and neither his pleadings nor any of his other motions or other filings have been rejected on timeliness grounds. Although plaintiff would undoubtedly prefer additional law library access and other assistance from prison officials, he has been able to file numerous documents, motions and other requests in the case. Most importantly, he has been able to effectively present his claims through the pleading stage. As a result, he has not suffered "actual injury" within the meaning of *Lewis*, and therefore any shortcomings in the assistance provided by prison officials has not violated his constitutional right of access to the courts.

Plaintiff also asserts that defendants limited his access to the law library access and other assistance to retaliate against him for his prior lawsuit. This claim is based solely on his allegation that defendants' conduct began after he filed suit. Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this"). Plaintiff alleges no nexus between his prior lawsuit and defendants' conduct, only that the one preceded the other. This is insufficient, as a matter of law, to state a claim for retaliation.

## CONCLUSION

For the reasons set out above, this action is **DISMISSED** for failure to state a cognizable claim for relief.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February  7 , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4